UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

```
_____
                                   )
JOSEPH MOALS,                      )
                                   )
                Plaintiff,         )
                                   )   CIVIL ACTION
           v.                      )   NO. 15-10810-WGY
                                   )
ROBERT MCDONALD, the Secretary of  )
Veterans Affairs,                  )
THE DEPARTMENT OF VETERANS AFFAIRS,)
VETERANS HEALTH ADMINISTRATOR,     )
                                   )
                Defendants.        )
                                   )
_____
```

                              **MEMORANDUM & ORDER**

YOUNG, D.J.                                          December 17, 2015

    At a motion hearing held on November 13, 2015, this Court allowed pro-se Plaintiff Joseph Moals ("Moals") 30 days to retain counsel.  Elec. Clerk's Notes, Nov. 13, 2015, ECF No. 17. Since Moals eschewed this opportunity, this Court rules on the papers.

    In this case, Moals alleges the Department of Veterans Affairs (the "VA") breached a settlement agreement (the "Agreement") between the VA and Moals, a VA employee, by assigning him "additional duties [that were] not indicated in the settlement agreement."  Compl. ¶ 5, ECF No. 1.  Moals seeks $250,000 in damages for breach of contract against Secretary of Veterans Affairs Robert McDonald ("McDonald"), the VA, and the

Veterans Health Administrator.  Id.  McDonald, through the United States Attorney for the District of Massachusetts, timely moved to dismiss Moals's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  Def.'s Mot. Dismiss, ECF No. 14.

This Court does not have jurisdiction over Moals's claim. Under the Tucker Act, 28 U.S.C. § 1491, "[c]laims against the United States exceeding $10,000 ('Big' Tucker Act claims), founded upon . . . contract, are in the jurisdiction of the Court of Federal Claims."  Charles v. Rice, 28 F.3d 1312, 1321 (1st Cir. 1994).  Moals alleges a breach of contract claim against a federal agency for $250,000, Compl. ¶ 5, and accordingly his claim must be brought before the Court of Federal Claims.

In addition to lack of jurisdiction, Moals fails to state a claim for relief.  Even "draw[ing] all reasonable inferences in favor of [Moals,]" Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009), the facts in his complaint are insufficient to plead a breach of contract claim.  In particular, the Agreement does not contain any provisions indicating that the VA was prohibited from assigning him "additional duties."  See Resp. Order Show Cause, Settlement Agreement, ECF No. 7.  As Moals has not presented an adequate

factual basis for breach of contract, his complaint fails to state a plausible claim.

For the foregoing reasons, this Court **GRANTS** McDonald's motion to dismiss the complaint, ECF No. 14.[1]

**SO ORDERED.**

                                                      _/s/ William G. Young__  
                                                      WILLIAM G. YOUNG  
                                                      DISTRICT JUDGE

---

[1] The Court's two grounds for dismissal apply to Moals's claim against all of the defendants and his complaint is dismissed in its entirety.